**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| VINYL KRAFT, INC., | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION NO. 1:16-cv-457** |
| | : | |
| v. | : | |
| | : | |
| GROESCH BUILDING SUPPLY, INC., | : | **COMPLAINT** |
| SEA-THRU WINDOWS, INC., AND | : | (Jury Demand Endorsed Hereon) |
| JEFFREY PESICH | : | |
| | : | |
| Defendants. | : | |

Plaintiff Vinyl Kraft, Inc. ("Vinyl Kraft") for its Complaint against Defendants Sea-Thru Windows, Inc., Groesch Building Supply, Inc., and Jeffrey Pesich (collectively referred to as "Defendants"), avers as follows:

**PARTIES**

1. Vinyl Kraft, Inc., is an Ohio corporation with its principal place of business in New Boston, Scioto County, Ohio, and is engaged in the manufacture and sale of custom windows for residential housing.

2. Upon information and belief, Sea-Thru Windows, Inc. ("Sea-Thru Windows") is a Virginia corporation with its principal place of business in Norfolk, Virginia.

3. Upon information and belief, Groesch Building Supply, Inc. ("Groesch Building") is a Virginia corporation with its principal place of business in Virginia Beach, Virginia.

4. Upon Information and belief, Jeffrey Pesich ("Pesich") is a citizen of Virginia and resides in Virginia.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1332.  The matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  Accordingly, subject matter jurisdiction is proper in this Court.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the acts or omissions of Defendants giving rise to the claims occurred in this district.  Specifically, the amounts due and owed by Defendants on account, and under contract which they failed to pay, were due to Vinyl Kraft, Inc. at 3404 Rhodes Avenue, New Boston, Scioto County, Ohio 45662 which is located in this district.

7.  Upon information and belief, both Sea-Thru Windows and Groesch Building are wholly-owned and operated by Pesich.

8.  This Court has personal jurisdiction over Defendants as they have sufficient contacts with Ohio related to the purchase of the windows, and Groesch Building specifically agreed in writing that Ohio has personal jurisdiction over it.

**FACTUAL BACKGROUND**

9.  Vinyl Kraft is in the business on manufacturing and selling custom windows.  It has a manufacturing plant located in New Boston (Scioto County), Ohio.  From August 2009 to December 2015, Vinyl Kraft sold windows to Defendants Sea-Thru Windows and Groesch Building.

10.  In February 2014, Vinyl Kraft brought suit against Sea-Thru Windows, Groesch Building, and Pesich for amounts unpaid and overdue owed on window purchases.

11. In May 2014, Vinyl Kraft, Sea-Thru Windows, Groesch Building, and Pesich entered into a Settlement Agreement of that litigation. The Settlement Agreement provided for: (a) certain payments by Defendants on the prior debt (the "Prior Debt"); and (b) the purchase by Groesch Building of a minimum of 2,200 additional windows (hereinafter "Additional Windows") from Vinyl Kraft over the next year. Pursuant to the Settlement Agreement the payment terms on the Additional Windows were net due 30 days, simple interest of 18% annually on overdue amounts, and should Groesch Building fail to timely pay invoices Vinyl Kraft would be entitled to recover its reasonable attorney's fees and costs of collection. The Settlement Agreement is attached as Exhibit 1.

12. Groesch Building also agreed in the Settlement Agreement that venue and jurisdiction were proper and exclusive in the Ohio courts, and that the Ohio courts have personal jurisdiction over it. See last paragraph of Section 2 of Settlement Agreement.

13. After the parties entered into the Settlement Agreement, Groesch Building made certain payments to Vinyl Kraft as described above, but failed to pay all the Prior Debt. Collection of the Prior Debt is the subject of another lawsuit.

14. With regard to the Additional Windows, Groesch Building faxed orders to Vinyl Kraft's headquarters in New Boston, Ohio. Additionally, Groesch Building's payments on the Additional Windows it purchased were due at Vinyl Kraft's headquarters in New Boston, Ohio, and payments were made by Groesch Building to Vinyl Kraft at its headquarters in New Boston, Ohio. The Additional Windows were shipped from Vinyl Kraft's headquarters in New Boston, Ohio.

15. Groesch Building purchased the Additional Windows for resale to Sea-Thru Windows, a business wholly-owned by Pesich. The Additional Windows were shipped directly to a Sea-Thru Windows location.

16. Upon information and belief and because both companies are wholly-owned and controlled by Pesich, at the time Groesch Building made the promise to pay for the Additional Windows it had no present intention of keeping this promise, and Sea-Thru Windows also was aware of Groesch Building promise, and lack of present intention of keeping that promise.

17. In 2015, Groesch Building was overdue in excess of $100,000 on amounts owed to Vinyl Kraft for the Additional Windows. Pesich in conversations with Vinyl Kraft employees repeatedly promised to pay the overdue amounts, and requested Vinyl Kraft manufacture and ship more custom windows based on his promise of payment of the overdue amounts. Vinyl Kraft, in reliance on Pesich's promise to pay the overdue amounts, manufactured and delivered custom windows to Groesch Building and Sea-Thru Windows.

18. Upon information and belief, at the time Pesich made the promise to pay the outstanding and overdue amounts for the Additional Windows, he had no present intention of keeping his promise.

19. Pesich's promise to pay the overdue amounts was material to Vinyl Kraft continuing to manufacturer and deliver custom windows to Sea-Thru Windows and Groesch Building, was made by Pesich with the intent to mislead Vinyl Kraft into relying on it, and Vinyl Kraft justifiably relied on the promise which resulted in $115,590.59 in damages which were proximately caused by the reliance.

20. In the fall of 2015, Groesch Building placed additional written orders for custom windows. Because Groesch Building had failed to pay amounts as promised as described above, Vinyl Kraft required cash on delivery ("COD") for these custom windows. Pesich promised to pay for these windows COD. Vinyl Kraft, in reliance on Pesich's promise to pay COD, manufactured and delivered custom windows to Groesch Building and Sea-Thru Windows.

21. Upon information and belief, at the time Pesich made the promise to pay for the additional windows COD he had no present intention of keeping his promise.

22. Pesich's promise to pay COD was material to Vinyl Kraft continuing to manufacturer and deliver custom windows to Groesch Building and Sea-Thru Windows, was made by Pesich with the intent to mislead Vinyl Kraft into relying on it, and Vinyl Kraft justifiably relied on the promise which resulted in damages which were proximately caused by the reliance.

23. Two of Groesch Building's checks for windows ordered COD were returned by its bank as insufficient funds.

24. As of February 9, 2015, Vinyl Kraft has sold and delivered Additional Windows totaling $115,590.59 to Groesch Building and Sea-Thru Windows which they had failed to pay for when due. Attached as Exhibit 2 is a detailed listing of the outstanding invoices.

25. Despite repeated efforts to collect the amounts due, Defendants have failed to and refused to pay the amounts due and owing.

26. Upon information and belief, Defendants refused to pay Vinyl Kraft because Defendants were funneling all these monies into the construction and operation of Defendants' own window manufacturing facility.

27. All conditions precedent has been performed by Vinyl Kraft for bringing this action.

28. Defendants have materially breached their agreement with Vinyl Kraft by failing to pay the amounts owed on the agreement and/or account.

29. Pursuant to the Settlement Agreement Vinyl Kraft is entitled to recovery all costs of collection, including reasonable attorney's fees, and prejudgment interest at 18% simple interest annually.

30. Defendants' breaches of the agreement and/or account have caused Vinyl Kraft damages of $115, 590.59, plus reasonable attorney's fees, and prejudgment interest.

## COUNT ONE
### (Breach of Contract - Groesch Building)

31. Vinyl Kraft repeats the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Vinyl Kraft and Groesch Building entered into an agreement which governed the sale of Additional Windows to Groesch Building.

33. Vinyl Kraft performed all of its obligations under the agreement.

34. Notwithstanding Vinyl Kraft's performance, Groesch Building has breached its obligations under the agreement by failing to pay amounts that are due and owing to Vinyl Kraft.

35. As a result of such breaches, Vinyl Kraft has suffered damages of $115,590.59, plus reasonable attorney's fees to pursue this action, and prejudgment interest.

## COUNT TWO
### (Claim on Account - Groesch Building)

36. Vinyl Kraft repeats the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Vinyl Kraft sold and delivered Additional Windows to Groesch Building for which it has not been paid for, and is owed $115,590.59 by Groesch Building for the windows. Attached as Exhibit 2 is the account for the amount owed by Groesch Building.

38. Accordingly, Groesch Building owes Vinyl Kraft $115,590.59 on account, plus attorneys' fees and interest thereon for windows sold and delivered to Groesch Building.

## COUNT THREE
### (Unjust Enrichment - Groesch Building)

39. Vinyl Kraft repeats the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Vinyl Kraft pleads in the alternative, a claim for unjust enrichment against Groesch Building.

41. Groesch Building has retained money or benefits which in justice and equity belong to Vinyl Kraft.

42. Vinyl Kraft has sold and delivered custom windows totaling $115,590.59 to Groesch Building which Groesch Building has not paid for. Groesch Building has retained the benefit of these windows by failing to pay Vinyl Kraft the amounts owed under circumstances where it is unjust to do so.

43. Groesch Building has been unjustly enriched in the amount of at least $115,590.59, plus attorney's fees and interest thereon.

## COUNT FOUR
### (Quantum Meruit - Groesch Building)

44. Vinyl Kraft repeats the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Vinyl Kraft pleads in the alternative, a claim for quantum meriut against Groesch Building.

46. Vinyl Kraft has conferred a benefit of at least $115,590.59 upon Groesch Building, and has not received payment for the value of these benefits.

47. The circumstances make it unjust and inequitable to permit Groesch Building to retain these benefits without paying Vinyl Kraft for them.

48. Vinyl Kraft is owed at least $115,590.59 by Groesch Building under its quantum meruit claim, plus attorneys' fees and interest thereon.

## COUNT FIVE
### (Unjust Enrichment - Sea-Thru Windows)

49. Vinyl Kraft repeats the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. Vinyl Kraft pleads in the alternative, a claim for unjust enrichment against Sea-Thru Windows.

51. Sea-Thru Windows has retained money or benefits which in justice and equity belong to Vinyl Kraft.

52. Vinyl Kraft has sold and delivered custom windows totaling $115,590.59 to Sea-Thru Windows which Sea-Thru Windows has not paid for. Sea-Thru Windows has retained the benefit of these windows by failing to pay Vinyl Kraft the amounts owed under circumstances where it is unjust to do so.

53. Sea-Thru Windows has been unjustly enriched in the amount of at least $115,590.59, plus attorneys' fees and interest thereon.

## COUNT SIX
### (Quantum Meruit - Sea-Thru Windows)

54. Vinyl Kraft repeats the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55. Vinyl Kraft pleads in the alternative, a claim for quantum meriut against Sea-Thru Windows.

56. Vinyl Kraft has conferred a benefit of at least $115,590.59 upon Sea-Thru Windows, and has not received payment for the value of these benefits.

57. The circumstances make it unjust and inequitable to permit Sea-Thru Windows to retain these benefits without paying Vinyl Kraft for them.

58. Vinyl Kraft is owed at least $115,590.59 by Sea-Thru Windows under its quantum meruit claim, plus attorneys' fees and interest thereon.

## COUNT SEVEN
### (Promissory Fraud – All Defendants)

59. Vinyl Kraft repeats the allegations contained in paragraphs 1 through 58 as if fully set forth herein.

60. Pesich, individually, and on behalf of Sea-Thru Windows and Groesch Building Supply: (1) repeatedly promised to pay the overdue amounts, and requested Vinyl Kraft manufacture and ship more custom windows based on his promise of payment of the overdue amounts; and (2) promised to pay for certain windows COD.

61. Vinyl Kraft, in reliance on Pesich's promises to pay, manufactured and delivered custom windows to Sea-Thru Windows and Groesch Building Supply.

62. Upon information and belief, at the time Pesich made the promises to pay the outstanding and overdue amounts and to pay COD, he had no present intention of keeping his promises. Pesich did not keep his promises.

63. Pesich's promises were material to Vinyl Kraft continuing to manufacturer and delivery custom windows to Sea-Thru Windows and Groesch Building, was made by Pesich with the intent to mislead Vinyl Kraft into relying on it, and Vinyl Kraft justifiably relied on the promise which resulted in $115,590.59 in damages which were proximately caused by the reliance.

64. As a result of Defendants fraud, Vinyl Kraft has incurred at least $115,590.59 in damages, plus punitive damages, attorneys' fees and interest thereon.

## COUNT EIGHT
### (Violation of ORC Sections 2307.60 and 2307.61 (Bad Checks) – All Defendants)

65. Vinyl Kraft repeats the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66. In delivering to Vinyl Kraft the two (2) bad checks totaling $2,032.09 for Additional Windows ordered COD, Defendants violated ORC Sections 2307.60 and 2307.61, and committed a criminal act, specifically a theft offense.

67. Defendants passed the bad checks with purpose to defraud knowing they would be dishonored.

68. As a result thereof, Vinyl Kraft is entitled to damages totaling $6,096.27 (three times the amount of the bad checks), plus an award of reasonable attorneys' fees.

WHEREFORE, Plaintiff Vinyl Kraft demands judgment against Defendants Sea-Thru Windows, Groesch Building and Pesich, jointly and severally, for the following relief:

A. compensatory damages in the amount of $115,590.59;

B. for prejudgment and post-judgment interest;

C. for punitive damages;

D. for its costs, expenses and attorneys' fees incurred herein as permitted by the Settlement Agreement and/or ORC Section 2307.61; and

E. for such other relief as may be just and proper under the circumstances.

s/ Robert H. Nichols
Robert H. Nichols, Trial Attorney   (0060124)
Juan Jose Perez                     (0030400)
bnichols@perez-morris.com
jperez@perez-morris.com
PEREZ & MORRIS LLC
8000 Ravine's Edge Court, Suite 300
Columbus, Ohio 43235
P: (614) 431-1500
F: (614) 431-3885
Attorneys for Plaintiff Vinyl Kraft, Inc.

## JURY DEMAND

Plaintiff Vinyl Kraft, Inc. hereby demands trial by jury.

s/ Robert H. Nichols
Robert H. Nichols